ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON✜PURCELL LLP
Attorneys at Law
222 Rush Landing Road
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

FILED
AUG 27 PM 1:04

E-filing

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ELIZABETH WASILEWSKI, as Wrongful Death Heir, and as Successor-in-Interest to ALBERT WASILEWSKI, Deceased; and ALBERT J. WASILEWSKI, DENNIS WASILEWSKI, BRIAN WASILEWSKI, and DENISE ECK, as Legal Heirs of ALBERT WASILEWSKI, Deceased,

    Plaintiffs,

vs.

KAISER VENTURES LLC,

    Defendant.

NO. C 08 4094 EMC

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS;

DEMAND FOR JURY TRIAL

I.

**PARTIES**

1. Plaintiffs in this action are the above captioned successor-in-interest to, or the personal representative of the estate of decedents; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the decedents, and are all hereinafter referred to as "Plaintiffs".

////

2. The persons who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through their occupational exposure to asbestos, hereinafter "decedents" are, with their date of death: ALBERT WASILEWSKI died September 26, 2007.

3. ELIZABETH WASILEWSKI is the spouse of decedent ALBERT WASILEWSKI. They are hereinafter referred to as "surviving spouse".

4. Each of these decedents sustained an asbestos-related lung disease and death by precisely the same mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at their jobsites.

5. The pathogenesis of each plaintiffs' asbestos-related diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

6. All of plaintiffs' claims arise out of a similar series of occurrences: repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at decedents' worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the decedents, resulting in cumulative, progressive, incurable lung diseases.

7. Each plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on each individual decedents' worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by decedents, caused serious lung disease. The allegations of plaintiffs regarding the nature of decedents' asbestos-related diseases, the nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all identical.

8. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the State of

1  California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

9. <u>Jurisdiction</u>: Plaintiffs ELIZABETH WASILEWSKI, ALBERT J. WASILEWSKI, DENNIS WASILEWSKI, BRIAN WASILEWSKI, and DENISE ECK are citizens of the State of Pennsylvania. Plaintiff DENISE ECK is a citizen of the State of Virginia.

Defendant KAISER VENTURES LLC is a corporation incorporated under the laws of and having its principal places of business in California.

This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

10. <u>Venue / Intradistrict Assignment</u>.   Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by plaintiffs herein occurred within the County of San Francisco, California, and all of the defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

<u>FIRST CAUSE OF ACTION</u>
(Negligence - Survival)

PLAINTIFF ELIZABETH WASILEWSKI AS SUCCESSOR-IN-INTEREST TO THE DECEDENT ALBERT WASILEWSKI, COMPLAINS OF KAISER VENTURES LLC, THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM; EACH FOR A COUNT FOR NEGLIGENCE (SURVIVAL) ALLEGE AS FOLLOWS:

11. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

1 or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
2 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
3 supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
4 representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
5 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,
6 or otherwise directing and/or facilitating the use of, or advertising a certain product, namely
7 asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively
8 be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the
9 tortious conduct of each successor, successor in business, successor in product line or a portion
10 thereof, assign, predecessor in product line or a portion thereof, parent, holding company,
11 affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned
12 entity, or entity that it was a member of, or funded, that researched, studied, manufactured,
13 fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,
14 supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,
15 warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos,
16 and other products containing asbestos. The following defendants, and each of them, are liable
17 for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a
18 virtual destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants,
19 and each of them, have acquired the assets, product line, or a portion thereof, of each such
20 ALTERNATE ENTITY; defendants, and each of them, caused the destruction of plaintiffs'
21 remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume
22 the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant
23 enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| KAISER VENTURES LLC | KAISER VENTURES, INC. |
| | KAISER STEEL RESOURCES, INC. |
| | KAISER CO., INC. |
| | KAISER STEEL CORPORATION |
| | KAISER RESOURCES, INC. |
| | KAISER SHIPYARD - VANCOUVER |
| | KSC RECOVERY, INC. (Successor to the Bankruptcy Estate of Kaiser Steel Corporation) |

12. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

13. At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the decedents herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by "exposed persons".

14. Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

15. Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering,

1  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
2  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
3  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
4  release of airborne asbestos fibers, and that through such foreseeable use and/or handling
5  "exposed persons", including decedents herein, would use or be in proximity to and exposed to
6  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
7  persons working in proximity to said products, directly or through reentrainment.

8      16.    Decedents have used, handled, or been otherwise exposed to asbestos and
9  asbestos-containing products referred to herein in a manner that was reasonably foreseeable.
10 Decedents' exposure to asbestos and asbestos-containing products is on current information as
11 set forth at various locations and circumstances in **Exhibit A,** attached hereto and incorporated
12 by reference herein.

13     17.    As a direct and proximate result of the acts, omissions, and conduct of the
14 defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, decedents' exposure
15 to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
16 or harm to the decedents as set forth in **Exhibit A**, attached to plaintiffs' complaint and
17 incorporated by reference herein.

18     18.    Plaintiffs are informed and believes, and thereon alleges, that progressive lung
19 disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos
20 fibers
21 without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
22 asbestos and asbestos-containing products over a period of time.

23     19.    Decedents suffered from a condition related to exposure to asbestos and asbestos-
24 containing products. Decedents were not aware at the time of exposure that asbestos or asbestos-
25 containing products presented any risk of injury and/or disease.

26     20.    As a direct and proximate result of the aforesaid conduct of the defendants, their
27 "alternate entities," and each of them, decedents incurred liability for physicians, surgeons,
28 nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

1 amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this
2 complaint accordingly when the true and exact cost thereof is ascertained.

3     21. As a direct and proximate result of the aforesaid conduct of the defendants, their
4 ALTERNATE ENTITIES, and each of them, decedents incurred liability for the reasonable
5 value of medial care provided by decedents' family members measured by, inter alia, the costs
6 associated with the hiring a registered nurse, home hospice, or other service provider, the true
7 and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to
8 amend this complaint accordingly when the true and exact costs are known or at time of trial.

9     22. As a direct and proximate result of the aforesaid conduct of defendants, their
10 ALTERNATE ENTITIES, and each of them, decedents suffered permanent injuries to his
11 person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer
12 and related sequelae, and the mental and emotional distress attendant thereto, and ultimately
13 death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be
14 proven at trial.

15     23. As a further direct and proximate result of the said conduct of the defendants,
16 their ALTERNATE ENTITIES, and each of them, decedents incurred loss of income, benefits,
17 entitlements, wages, profits, and commissions, a diminishment of earning potential, and other
18 pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is
19 requested to amend this complaint to conform to proof at the time of trial.

20     24. As a further direct and proximate result of the said conduct of the defendants,
21 their ALTERNATE ENTITIES, and each of them, decedents' exposure to asbestos and asbestos-
22 containing products caused severe and permanent injury to decedents, and ultimately decedents
23 died on the dates previously stated herein.

24     25. Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
25 directors and managing agents participated in, authorized, expressly and impliedly ratified, and
26 had full knowledge of, or should have known of, each of the acts set forth herein.

27     26. Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the
28 fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

1  and each defendant's officers, directors, and managing agents participated in, authorized,
2  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
3  each of their ALTERNATE ENTITIES as set forth herein.

4      27.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
5  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in
6  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed
7  persons", including decedents herein, giving rise to decedents' claim herein alleged for punitive
8  damages against said defendants.

9      WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as
10  hereinafter set forth.

## SECOND CAUSE OF ACTION
(Products Liability - Survival)

13  PLAINTIFF ELIZABETH WASILEWSKI AS SUCCESSOR-IN-INTEREST TO THE
14  DECEDENT ALBERT WASILEWSKI, COMPLAINS OF KAISER VENTURES LLC, THEIR
15  "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A SECOND, SEPARATE,
16  FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY
17  (SURVIVAL), COMPLAIN AS FOLLOWS:

18      28.    Plaintiffs incorporates herein by reference, as though fully set forth herein, each
19  paragraph of the First Cause of Action herein.

20      29.    Defendants, their "alternate entities", and each of them, knew and intended that
21  the above-referenced asbestos and asbestos-containing products would be used by the purchaser
22  or user without inspection for defects therein or in any of their component parts and without
23  knowledge of the hazards involved in such use.

24      30.    Said asbestos and asbestos-containing products were defective and unsafe for
25  their intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease
26  and/or death. The defect existed in the said products at the time they left the possession of
27  defendants, their ALTERNATE ENTITIES, and each of them. Said products did, in fact, cause
28  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

persons", including decedents herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

31.  "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which decedents and others similarly situated were exposed.

32.  In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

33.  On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to

asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

34. With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

35. The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including decedents.

36. Plaintiffs alleges that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for their intended use, but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

37. Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable, and proximate result thereof, decedents suffered permanent injury and death as alleged herein.

38. As a direct and proximate result of the actions and conduct outlined herein, decedents have suffered the injuries and damages herein alleged.

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

PLAINTIFF ELIZABETH WASILEWSKI, INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO ALBERT WASILEWSKI, DECEASED AND PLAINTIFFS ALBERT J. WASILEWSKI, DENNIS WASILEWSKI, BRIAN WASILEWSKI, and DENISE ECK AS LEGAL HEIRS OF ALBERT WASILEWSKI, DECEASED COMPLAIN OF KAISER VENTURES LLC, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;
EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

39. Plaintiffs incorporates by reference each paragraph contained within the First Cause of Action as though fully set forth herein.

////

1  40. The heirs at law of the decedents and their relationship to the decedents are set forth above.

2  41. The individuals set forth as heirs constitute all of the surviving heirs of the respective decedents.

3  42. As a direct and proximate result of the conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-containing products caused decedents to develop diseases from which condition decedents died. Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of filing the complaint.

4  43. At all times prior to his death, decedents were a faithful and dutiful spouse to their surviving spouse.

5  44. As a direct and proximate result of the conduct of defendants, and each of them, and the death of decedents, decedents' heirs have sustained pecuniary loss resulting from the loss of care, society, comfort, attention, services, and support of decedents all to the damage of decedents' heirs.

6  45. As a further direct and proximate result of the conduct of defendants, and each of them, and the death of decedents, decedents' heirs have incurred funeral expenses in an amount currently not ascertained.

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter set forth.

////
////
////
////
////
////
////
////

## FOURTH CAUSE OF ACTION
(Products Liability - Wrongful Death)

PLAINTIFF ELIZABETH WASILEWSKI, INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO ALBERT WASILEWSKI, DECEASED AND PLAINTIFFS ALBERT J. WASILEWSKI, DENNIS WASILEWSKI, BRIAN WASILEWSKI, and DENISE ECK AS LEGAL HEIRS OF ALBERT WASILEWSKI, DECEASED COMPLAIN OF KAISER VENTURES LLC, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;

EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

46.  Plaintiffs incorporates herein by reference, as though fully set forth herein, each paragraph of the First, Second and Third Causes of Action herein.

47.  As a direct and proximate result of the conduct of defendants, and each of them, decedents' heirs have sustained the injuries and damages previously alleged.

WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

## IV.
## DAMAGES AND PRAYER

WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities", and each of them in an amount to be proved at trial in each individual case, as follows:

(a)  For plaintiffs' general damages according to proof;
(b)  For plaintiffs' loss of income, wages and earning potential according to proof;
(c)  For plaintiffs' medical and related expenses according to proof;
(d)  For plaintiffs' cost of suit herein;
(e)  For exemplary or punitive damages according to proof;
(f)  For damages for fraud according to proof; and

////

1      (g)    For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Dated: 8/26/8            BRAYTON❖PURCELL LLP

By: _____
     David R. Donadio
     Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: 8/26/8            BRAYTON❖PURCELL LLP

By: _____
     David R. Donadio
     Attorneys for Plaintiffs

EXHIBIT A

**Decedent: <u>Albert Wasilewski, deceased</u>**

**Decedent's injuries:** Decedent was diagnosed with mesothelioma on or about May 2007. Decedent died on September 26, 2007.

**Defendants:** Plaintiffs contend that the asbestos-containing products to which Decedent was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.

Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | U.S. Navy, Camp Perry, VA | Trainee | 1/1946-2/1947 |
|  | ROCKINGHAM (APA-229), Mare Island Naval Shipyard, Vallejo, CA; Pearl Harbor Naval Shipyard, Honolulu, HI; Bikini Atoll, Marshall Islands | Fireman | 2/1946-11/1946 |
|  | HORACE A BASS (APD-124), Mare Island Naval Shipyard, Vallejo, CA; Marshall Islands; China; Long Beach Naval Shipyard, Long Beach, CA | Machinist Mate | 11/1946-12/1947 |

Job Duties: Decedent worked primarily in the engine rooms of the <u>USS ROCKINGHAM</u> and <u>USS HORACE A. BASS</u>. Decedent also worked in the turbine and boiler rooms aboard the ships. Decedent made sure the engines were running properly. Decedent recalled co-workers replacing the insulation on the turbines and pipes surrounding him. Decedent was responsible for clean-up as a fireman on the <u>USS ROCKINGHAM</u>. Decedent recalled dusty conditions. Plaintiff

currently contends that decedent was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Roosevelt Paper Company | Roosevelt Paper Company, Philadelphia, PA | Manager (Assistant) | 1951 (3 months) |

Job Duties: Decedent controlled and checked inventory in the warehouse. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| B.F. Goodrich | B.F. Goodrich Tire Production Plant, Oaks, PA | Production Assistant | 1951 (few months) |

Job Duties: Decedent controlled and checked inventory for a few months on the tire production floor of the plant. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Metropolitan Life Insurance Company | Metropolitan Life Insurance Company, Phoenixville, PA; | Insurance Salesman | Approx. 1951-1954 |
| | Norristown, PA; Bronx, NY; Charleston, PA; | Manager | 1954-1974 |
| | Germantown District, PA | Brokerage Director | 1974-1987 |

Job Duties: Decedent sold life insurance policies. Decedent traveled to various residences and commercial businesses to sell insurance policies. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.